**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| AMOS EASLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 5:15-CV-265 (LJA) |
| | : | |
| TRACE DILLON and, | : | |
| THE DILLON LAW FIRM PC, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendants Trace Dillon and The Dillon Law Firm PC's, (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint for Damages. (Docs. 4, 9). For the reasons articulated below, Defendants' Motion to Dismiss, (Doc. 9), is **GRANTED**.

## PROCEDURAL BACKGROUND

Plaintiff Amos Easley initiated this action on July 10, 2015 by filing an original complaint. (Doc. 1). Subsequently, on July 23, 2015, Plaintiff filed an Amended Complaint in which Plaintiff alleges that Defendant is liable under the Fair Debt Collection Practices Act, ("FDCPA"), 15 US.C. § 1692, *et seq.* and several Georgia statutes. (*See generally id.*). These claims arise from an order for service by publication issued by a Georgia magistrate court in a debt collection action against Plaintiff. (*Id.*) On December 7, 2015, Defendants filed an Answer and moved, pursuant to Fed. R. Civ. P 12(b)(6), to dismiss the Amended Complaint. (Docs. 8 and 9). Plaintiff filed his Response on December 9, 2015, and Defendants filed a Reply on December 22, 2015. (Docs. 10 and 11). Accordingly, the Motion to Dismiss is ripe for review. *See* M.D. Ga. L.R. 7.3.1(a).

**FACTUAL SUMMARY[1]**

On April 14, 2014, Defendant Trace Dillion, on behalf of The Hertz Corporation ("Hertz"), filed a complaint for negligence and breach of contract in the Magistrate Court of Bibb County, Georgia.  (Docs. 4 ¶ 18-19, 4-1).  Therein, Defendants alleged that Plaintiff failed to reimburse Hertz for $10,332.65 in damages to a vehicle that Plaintiff had rented from Hertz.  (Docs. 4 ¶ 19(a), 4-1 ¶¶ 4-12).  Defendants created, and the magistrate court issued, a summons which instructed Plaintiff to answer the complaint within 30 days of receiving service.  (Docs. 4 ¶ 20-21, 4-2).  At all times relevant to this action, Plaintiff has lived at a residence in Bibb County located on a street named Dapleton Drive.  (Doc. 4 ¶ 22).  Defendants misspelled the name of the street on which Plaintiff lived as D-a-p-e-t-o-n in their magistrate court complaint and summons.  (*Id.* ¶¶ 23, 24).  Defendants knew the correct spelling for the street on which Plaintiff lived because Defendants corresponded with Plaintiff by US Mail before filing the action.  (*Id.* ¶ 41).

MLQ ATTORNEY SERVICES, ("MLQ"), Defendants' agent, adopted Defendants' spelling for the street on which Plaintiff lived in its request to the Bibb County Sheriff to serve the summons upon Plaintiff.  (*Id.* ¶ 26).  The Bibb County Sheriff was unable to serve the summons at the misspelled street name, indicating "no contact – no such address" on the Entry of Service form. (*Id.* ¶ 28, Doc. 4-3 at 2).  Subsequently, the Sheriff issued a letter addressed to the Plaintiff at the misspelled street name, notifying him of the magistrate court action and requesting that he pick up a copy of the complaint and summons at the Sheriff's office.  (Docs. 4 ¶¶ 30-33, 4-4).  On November 20, 2014, Defendants filed, in the magistrate court, a "Motion to Allow Service of Amos Easley by Publication," an Affidavit in Support, a proposed "Order to Allow Service of Amos Easley by Publication," and a Certificate of Service indicating the correct street name for Plaintiff's address, (collectively, "the motion papers for service by publication").  (*Id.* ¶¶ 34, 42).  Defendants served the motion papers for service by publication upon Plaintiff at his correct address by United States Mail. (*Id.* ¶ 35).

The magistrate court, without a hearing, and after receiving an ex parte telephone call from a person in Defendant's law firm, issued the order authorizing service of process upon Plaintiff by

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's complaint, (Doc. 1), as true.  *See* Fed. R. Civ. P. 12 (b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

publication.  (*Id.* ¶¶ 37, 38; Doc. 4-6).  Subsequently, the order was published in the legal notice section of the local newspaper, THE TELEGRAPH.  (Doc. 4 ¶¶ 39-40).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires that the complaint plead enough facts to state a claim for relief that is plausible—not just conceivable—on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs;" however, it is not required "to accept the labels and legal conclusions in the complaint as true." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). At bottom, "the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291.

## DISCUSSION

In the Amended Complaint, Plaintiff alleges that Defendants violated FDCPA sections 1692c(b), 1692d, 1692e, 1692f, and various Georgia statutes in moving the magistrate court to issue service by publication upon Plaintiff.  To state a claim under the FDCPA, a plaintiff must show that: "(1) [he] has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (citations omitted).  Disputing the third element, Defendants move to dismiss Plaintiff's Amended Complaint on the basis that, because magistrate courts have authority under Georgia law to order service by publication in debt collection proceedings, Defendant has not engaged in a prohibited act or failed to perform an FDCPA requirement.

**I.  Plaintiff's Federal Claims**

"The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 924 (11th Cir. 1997) (quoting 15 U.S.C. § 1692(e)).   "Accordingly, the FDCPA prohibits debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (quoting 15 U.S.C. § 1692(e)).  Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."  Section 1692c restricts a debt collector's communication with third parties in the course of attempting to collect on a consumer's debt.  The section provides:

> [W]ithout . . .  the express permission of a court of competent jurisdiction, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).  The crux of Plaintiff's FDCPA claims arise under § 1692c(b).  In the Amended Complaint, Plaintiff alleges that Defendants violated this section "by communicating with the public in connection with the collection of a consumer debt when they published the summons in the local newspaper without the express permission of a court of competent jurisdiction to order such service by publication."  (Doc. 1 ¶ 62).  As such, consideration of Defendants' Motion to Dismiss turns on whether the magistrate court had competent jurisdiction to order service by publication.  It did.

Generally, the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 *et seq.*, "governs the procedure in all courts of record in [the] state in all actions of a civil nature whether cognizable as cases at law or in equity. . . ." *Nashville Restaurant Management, LLC v. Gwinnett Cty*, 288 Ga. 664, 665, 706 S.E.2d 451 (2011) (citing O.C.G.A. § 9-11-1).  Section 9-11-4 of the Civil Practice Act provides for service by publication "[w]hen the person on whom service is to be made resides outside the state,

or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself or herself to avoid the service of the summons . . . ."  O.C.GA. § 9-11-4(f). Chapter 10, Article 3 of the Georgia Code "governs civil proceedings in [Georgia] magistrate court[s].  O.C.G.A. 15-10-40, *et seq.*  Section 15-10-42 states that, with the exception of two subsections not applicable in this action,  "proceedings in the magistrate court shall not be subject to . . . the 'Georgia Civil Practice Act.'"  O.C.G.A. 15-10-42.  In *Howe v. Roberts*, however, the Supreme Court of Georgia clarified that magistrate courts are permitted to follow the Georgia Civil Practice Act's provisions relating to pleading, practice, and procedure, where doing so would "administer justice."  259 Ga. 617, 619, 385 S.E.2d 276 (1989).  The Court further explained:

> It would be incongruous to require in magistrate courts a practice more restrictive than that followed in state and superior courts. The former are established and operated as more casual forums, where parties frequently appear pro se, and where the magistrate himself is often not an attorney. Rather, the language of OCGA § 15-10-42, that magistrate courts are not subject to the Civil Practice Act, must be read to permit, rather than require, magistrate courts to follow the provisions of the Civil Practice Act, or any other appropriate rules and regulations relating to pleading, practice, and procedure, where to do so would "administer justice" under OCGA § 15-10-44.[2]

*Id.* 259 Ga. at 619, 385 S.E.2d 276.  Accordingly, in the state court action at issue here, the magistrate court had competent jurisdiction under Georgia law to invoke the Civil Practice Act in ordering service by publication upon Plaintiff.

Plaintiff argues that the magistrate court lacked competent jurisdiction because, in *Butler v. Joseph*, the Court of Appeals of Georgia remarked that, "[t]he magistrate court denied [a motion to serve a defendant by publication], noting that service by publication was not 'statutorily contemplated or authorized' in magistrate court."  270 Ga. App. 98, 98-99, 605 S.E.2d 823 (2004). However, *Butler* is not inconsistent with the Supreme Court's broad interpretation of § 15-10-42. The Court of Appeals did not address whether magistrate courts have authority to issue service by publication.  Rather, the court stated that the appellant, "Butler[,] did not appeal that ruling."  *Id.* 270 Ga. at 99, 605 S.E.2d 823.  Accordingly, as the magistrate court had competent jurisdiction to

---

[2] O.C.G.A. § 15-10-44 provides in relevant part, All rules and regulations relating to pleading, practice, and procedure shall be liberally construed so as to administer justice.

order service by publication under Georgia law, Plaintiff has failed to state a claim under 15 U.S.C. § 1692c(b).

Plaintiff also fails to state a claim under the remaining FDCPA sections alleged in the Amended Complaint. Plaintiff acknowledges that "Complaint [paragraphs] 63 through 70 explain in detail the auxiliary violations that flow from the Defendants' central violation of [§] 1692c(b)." (Doc. 10-1 at 5). Specifically, Plaintiff alleges that, because Defendants moved the magistrate court to order service by publication, Defendants violated provisions of 15 U.S.C. §§ 1692d, 1692e, 1692f. (Doc. 4 ¶¶ 63-70). However, as the Court finds that, under the Georgia Civil Practice Act, the magistrate court had authority to issue service by publication, Plaintiff fails to state a claim under the dependent provisions of 15 U.S.C. §§ 1692d, 1692e, 1692f.

## II. State Law Claims

Once a plaintiff's federal claims are dismissed, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. "The decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004). "Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett*, 117 F.3d at 1353 (citing P*almer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1569 (11th Cir. 1994). The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney*, 70 F.3d at 1089.

Plaintiff's state law claims are dismissed to allow Plaintiff to pursue his claims in a more appropriate forum. The state court is best equipped to research and rule on matters of state law, and comity would suggest that it should be allowed to do so. In addition, Section 1367(d) gives "the plaintiff at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction," thereby removing "the principal reason for retaining a case in federal

court when the federal claim belatedly disappears." *Personalized Media Commc'ns, LLC v. Scientific–Atlantic, Inc.*, 493 F. App'x 78, 82 n.1 (11th Cir. 2012); *see also* 28 U.S.C. § 1367(d) (providing that state law claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). While it may be convenient for the Parties to continue litigating this case in this Court, neither judicial economy nor fairness to other litigants supports retaining jurisdiction over Plaintiff's state law claims while delaying justice in other cases where the Court retains original jurisdiction.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Damages. (Doc. 9). Plaintiff's claims against Defendants are **DISMISSED** pursuant to Rule 12(b)(6).

**SO ORDERED**, this 30th day of September, 2016.

_____/s/ Leslie J. Abrams_____
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**